The affidavit made by Dyer, on which the certiorari was obtained, stated that he purchased from Rich a certain slave for the price of $450, in payment of which he endorsed a note of Robeson's to Rich for $650, *Page 313 
the latter paying the excess by a note and some produce. That after the sale of the slave, the parties entered into a contract in writing, but without seal, that Dyer should convey the slave out of the State, and dispose of him in two months, which he avers he performed. That afterwards Rich sued him upon the agreement to Sampson County Court at May Sessions, 1815, which he was unable to attend through a violent attack of illness, and had no opportunity to employ an agent. That at the return term a judgment final by default was taken against him, and an execution issued. At the succeeding term he moved, upon the foregoing facts, to have the judgment and execution set aside, but was overruled.
The counter affidavit of Rich avers that the agreement to carry the slave out of the State was a part of the original bargain, and not made after it; and that if Dyer did remove the slave, it was done so evasively that a very short time afterwards he returned, and is now in Dyer's possession.
We are all of opinion that the certiorari should be sustained in this case.
It is stated by the applicant that he never had an opportunity of making any defense, and from the facts he has stated, if they betrue, great injustice has been done him. The defendant, in the (414)certiorari, does not deny that the trial was ex parte, but insists that, according to his belief, the applicant has no defense upon the merits. If, therefore, the petitioner is turned out of court, and he is injured, he is without remedy, but as to the other side, if he has good cause of action, he will still prevail, and his ultimate recovery be secured.
Let the cause be placed on the trial docket and a trial be had de novo.
Cited: Lunceford v. McPherson, 48 N.C. 177.